REVISED May 23, 2013

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2013

Lyle W. Cayce
Clerk

No. 12-10315

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TOD DEWAYNE PIMPTON, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CR-32-1

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

PRADO, Circuit Judge:[*]

Tod Dewayne Pimpton, Jr. was charged with being a dangerous felon in possession of body armor and being a convicted felon in possession of a firearm after police found body armor and a loaded pistol in the trunk of a car he was driving. Pimpton agreed to plead guilty to firearm possession, and the government voluntarily dismissed the body armor charge. At sentencing, a four-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level enhancement was applied because Pimpton possessed the firearm in connection with another felony, namely, being a violent felon in possession of body armor. Pimpton appeals the application of the enhancement. As explained below, we vacate Pimpton's sentence and remand for resentencing because the district court relied on the incorrect standard in interpreting the sentencing enhancement and the error was not harmless.

I

During the course of a traffic stop on March 1, 2011, a police dog alerted to the presence of drugs in a car being driven by Tod Dewayne Pimpton, Jr. ("Pimpton"). The car was searched, and police recovered a loaded nine-millimeter pistol and body armor from the trunk of the car. The gun was inside of a purse along with a pair of men's gloves. The body armor was in a black plastic bag underneath the purse. At the time, Pimpton admitted that the body armor belonged to him, but denied knowing that the gun was in the vehicle; he also denied ownership of it. Pimpton had been previously convicted of a felony in 2005.

Pimpton was then indicted on two counts: (1) violent felon in possession of body armor; and (2) convicted felon in possession of a firearm. On December 15, 2011, Pimpton agreed to a guilty plea on the second count. The first count, charging Pimpton with unlawful possession of body armor, was dismissed after he pleaded guilty to the firearm charge. At sentencing, the probation officer recommended a four-level enhancement pursuant to U.S. Sentencing Commission Guidelines Manual § 2K2.1(b)(6)(B) because Pimpton was found in possession of a firearm in connection with another felony offense, being a violent felon in possession of body armor.[1] Pimpton objected, arguing that his firearm

---

[1] The full text of § 2K2.1(b)(6)(B) provides that a defendant receives a four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony

possession did not facilitate or have the potential to facilitate his possession of body armor. The court overruled his objection and sentenced him to seventy-eight months of incarceration. Pimpton filed a timely notice of appeal challenging the enhancement he received.

## II

As this is a direct appeal from the final decision of a district court, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## III

## A

"The district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, while its factual findings are reviewed for clear error." United States v. Hernandez–Galvan, 632 F.3d 192, 196 (5th Cir. 2011) (internal quotation marks omitted). "In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error. The district court's determination of the relationship between [a] firearm and another offense is a factual finding." United States v. Coleman, 609 F.3d 699, 708 (5th Cir. 2010) (internal citation omitted). "A factual finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. "[T]his court 'may affirm the district court's judgment on any basis supported by the record.'" United States v. Le, 512 F.3d 128, 134 (5th Cir. 2007) (quoting United States v. Clay, 408 F.3d 214, 218 n.7 (5th Cir. 2005)).

## B

At Pimpton's sentencing, it was recommended that Pimpton receive a four-level enhancement pursuant to § 2K2.1(b)(6)(B), which provides for an

offense[.]" U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B).

enhancement if the defendant "possessed any firearm . . . in connection with another felony offense; or possessed . . . any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense[.]" U.S. Sentencing Guidelines Manual (hereinafter "USSG") § 2K2.1(b)(6)(B). Pimpton objected, claiming that his firearm was not possessed "in connection with" his possession of body armor because the two items were possessed independent of each other; they were merely found in the same place at the same time. The government responded by claiming that guns and body armor "go hand in hand[,]" each making the other more dangerous. The district court overruled Pimpton's objection and sentenced him to seventy-eight months of incarceration.

Under the operative language in § 2K2.1(b)(6)(B), in order to warrant a four-level enhancement, the defendant must have possessed a firearm "in connection with" another felony. USSG § 2K2.1(b)(6)(B). However, until 2006, the Guidelines did not define "in connection with." To address this shortcoming, in 2005, the Fifth Circuit interpreted the phrase "in connection with" from § 2K2.1(b)(6)(B)[2] as requiring that "the presence of a firearm facilitated, and made inherently more dangerous, another crime." United States v. Villegas, 404 F.3d 355, 363 (5th Cir. 2005). Our precedent notwithstanding, in 2006, the Guidelines were amended to provide a definition of "in connection with." According to that definition, a firearm is possessed "in connection with" another felony "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." USSG § 2K2.1(b)(6) cmt. n.14. The Fifth Circuit has stated that this sentencing enhancement applies, for example, if the firearm "emboldened" the second offense or if it served to protect other contraband. United States v. Jeffries, 587 F.3d 690, 694–95 (5th Cir. 2009)

---

[2] In 2005, this provision was listed in the Guidelines as § 2K2.1(b)(5).

(discussing possible ways to find the requisite connection under § 2K2.1(b)(6)(B)).

At sentencing, the court relied on both Villegas and commentary note fourteen to apply the enhancement. As explained below, Villegas was effectively abrogated when the Guidelines were amended to define "in connection with." It was thus improper to rely on the "made more dangerous" conception of the enhancement provided in Villegas. Moreover, given the content of the record on appeal, it is not clear that the district court would have applied § 2K2.1(b)(6)(B) without Villegas. Accordingly, we vacate Pimpton's sentence and remand for resentencing.

The conception of "in connection with" put forth in Villegas was effectively abrogated by the Guidelines when the Guidelines were amended to define that phrase. Compare Villegas, 404 F.3d at 363 (noting that the Guidelines do not define "in connection with" and attempting to "give this language its ordinary and natural meaning"), with USSG § 2K2.1(b)(6) cmt. n.14 (providing a definition of "in connection with"). While the Fifth Circuit has stated that the amendment to commentary note fourteen "reinforces this court's prior practice," United States v. Anderson, 559 F.3d 348, 357 (5th Cir. 2009), the "made more dangerous" language in Villegas stands out as an anomalous addition to the Fifth Circuit's precedent. As discussed earlier, Villegas sought to elucidate a definition of "in connection with" in the Guidelines at a time when the Guidelines did not define the term. 404 F.3d at 363. The court determined that a firearm was possessed "in connection with" another felony when "the presence of a firearm facilitated, and made inherently more dangerous, another crime." Id. The Guidelines now specifically state that, except in the case of burglary and drug trafficking offenses, a firearm is possessed "in connection with" another offense when the firearm "facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." USSG § 2K2.1(b)(6) cmt. n.14.

In other words, the definition proffered in Villegas included content not present in the definition provided by commentary note fourteen or subsequent Fifth Circuit precedent. Thus, the district court erred to the extent it relied on Villegas and the "made more dangerous" standard in interpreting and applying the § 2K2.1(b)(6)(B) enhancement.

While this Court may affirm a sentence based on any finding supported by the record, United States v. Le, 512 F.3d 128, 134 (5th Cir. 2007), it is not clear that the district court would have applied § 2K2.1(b)(6)(B) using the standard set forth in commentary note fourteen.[3] At sentencing, the government relied extensively on Villegas and the notion that firearms and body armor "go hand in hand," each making the other more dangerous. The district court in turn accepted the government's arguments, without elaborating further.[4] The application of § 2K2.1(b)(6)(B) is a fact-dependent inquiry. Given the district court's familiarity with the evidence, we are reluctant to substitute our judgment. Instead, vacating Pimpton's sentence and remanding for resentencing will provide the district court an opportunity to evaluate the parties' arguments in light of the standard provided by commentary note fourteen.

## IV

Therefore, Pimpton's sentence is VACATED and the case is REMANDED for resentencing in accordance with this opinion.

---

[3] As an initial matter, it is not immediately clear that mere proximity, without more, triggers § 2K2.1(b)(6)(B). See Jeffries, 587 F.3d at 693–94. Moreover, it bears emphasizing that, for purposes of this case, § 2K2.1(b)(6)(B) is concerned with the firearm facilitating a possession offense specifically. That is, under the terms of § 2K2.1(b)(6)(B), the enhancement only applies to Pimpton if the firearm he possessed facilitated the possession of body armor. Hypothetical uses for body armor have no bearing on the specific offense of possessing body armor.

[4] In its soliloquy, the court stated, "All right. The court, having considered the objections of the defense to the presentence report, is of the opinion the objections should be overruled for the reasons as set forth in the addendums to the presentence report and as argued by government's counsel this morning."