# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10348
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DERRICK ALAN THOMAS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CR-106-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derrick Alan Thomas challenges his sentence, imposed following his guilty-plea conviction for possession of stolen mail, pursuant to 18 U.S.C. §§ 1708 and 2. Thomas claims the court erred by not applying a three-level reduction for a partially completed offense, pursuant to Sentencing Guidelines §§ 2B1.1, cmt. n.18 ("In the case of a partially completed offense . . . , the offense level is to be determined in accordance with the provisions of § 2X1.1 . . . ."),

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

and 2X1.1(b)(1) ("If an attempt, decrease by 3 levels . . . ."). Relying on *United States v. John*, 597 F.3d 263 (5th Cir. 2010), he asserts:  the stolen-mail offense was merely part of a larger attempted theft or fraud; and the bulk of his intended theft had not been completed.  He further contends the desired reduction was proper because a substantial portion of uncompleted criminal activity was not undertaken to cause the intended loss.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Thomas did not raise this issue in district court, review is only for plain error.  *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Thomas must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*  He maintains he satisfies each element of this standard.  For the reasons that follow, there was no clear or obvious error.

Thomas was convicted of possession of stolen mail, and no uncompleted offenses were considered in calculating his offense level.  Accordingly, the reduction for a partially completed offense was inapplicable.  *E.g., United States v. Oates*, 122 F.3d 222, 228 (5th Cir. 1997).  The case on which Thomas

relies, *John*, is distinguishable because, in that instance, defendant was convicted of four completed substantive offenses, but the bulk of the intended loss amount came from 72 other incomplete or uncompleted, substantive offenses. *John*, 597 F.3d at 283. Thomas' situation is more similar to *Oates* than *John*; Thomas' underlying offense of possession of stolen mail does not require actual loss as part of the substantive offense. *See United States v. Osunegbu*, 822 F.2d 472, 475 (5th Cir. 1987) (listing elements of possession of stolen mail); *see also John*, 597 F.3d at 283; *Oates*, 122 F.3d at 228. Thomas incorrectly asserts "the key factor [in a court's deciding whether to apply the partially-completed-offense reduction] is the amount of criminal activity the defendant still has yet to undertake in order to cause the intended loss"; rather, the focus is "on the *substantive offense* and the defendant's conduct in relation to that *specific offense*." *United States v. Waskom*, 179 F.3d 303, 308 (5th Cir. 1999) (emphasis added).

AFFIRMED.