# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL GRANADO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-260

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Gabriel Granado appeals the sentence imposed following his guilty plea conviction for one count of burglary of a United States Post Office in violation of 18 U.S.C. §§ 2 and 2115 (Count One), and two counts of possession of stolen mail in violation of 18 U.S.C. §§ 2 and 1708 (Counts Two and Three). He contends that the district court plainly erred by using the intended loss to calculate his offense level on Count One because U.S.S.G. § 2B2.1 does not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11026

define "loss" to include the intended loss.    He also argues that the $1,451,807.22 loss attributed to him on Count One was an incorrect valuation of the property taken.  Because Granado did not raise these arguments in the district court, our review is limited to plain error.  *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005), *superseded by regulation on other grounds as stated in United States v. Pimpton*, 558 F. App'x 335, 337-38 (5th Cir. 2013).

Although the presentence report (PSR) referred to the $1,451,807.22 as the "intended loss amount," the PSR explained that this figure represented "the total value of the 398 pieces of stolen U.S. Mail recovered by agents at the Motel 6 on June 20, 2013."  Thus, Granado cannot show that the district court misapplied § 2B2.1.  *See* § 2B2.1(b)(2)(F); § 2B2.1, comment. (n.2).

Granado's challenge to the district court's valuation of the property taken is also unavailing.  "[Q]uestions of fact capable of resolution by the district court can never constitute plain error."  *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) (internal quotation marks and citations omitted). Further, the $1,451,807.22 loss amount represents the cumulative face value of the checks and money orders taken in the burglary offense.  Courts have upheld loss determinations based on the face value of the stolen checks or money orders.  *See United States v. Wimbish*, 980 F.2d 312, 316-17 (5th Cir. 1992), *abrogated on other grounds by Stinson v. United States*, 508 U.S. 36 (1993); *United States v. Quertermous*, 946 F.2d 375, 376, 378 (5th Cir. 1991); *see also United States v. Hallman*, 23 F.3d 821, 823-24 (3d Cir. 1994). Moreover, Granado has pointed to no evidence demonstrating a reasonable probability that, absent the alleged error, the district court would have imposed a lesser sentence.  *See United States v. Blocker*, 612 F.3d 413, 416-17 (5th Cir. 2010).  Accordingly, he cannot show reversible plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

No. 14-11026

Granado also contends that the district court plainly erred by failing to apply a three-level reduction for a partially completed offense under U.S.S.G. § 2X1.1(b)(1). He argues that the reduction was warranted because his possession of stolen mail offenses were merely part of a larger attempted theft and he was being held accountable for substantial portions of the unaccomplished theft. He also argues that this court's decision in *United States v. John*, 597 F.3d 263 (5th Cir. 2010), compels the application of the reduction because the bulk of the activity necessary to effectuate the over $2,000,000 intended loss was uncompleted. Granado concedes that the alleged error is not clear or obvious in light of our unpublished decision in *United States v. Thomas*, 585 F. App'x 869 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1750 (2015), but he seeks to preserve the issue for further review in the event of a subsequent clarifying opinion while the appeal remains pending.

In *Thomas*, we concluded that the reduction did not apply because "Thomas was convicted of possession of stolen mail, and no uncompleted offenses were considered in calculating his offense level." *Thomas*, 585 F. App'x at 869-70, quote at 870. We reasoned that the decision in *John* was distinguishable and that "Thomas' underlying offense of possession of stolen mail [did] not require actual loss as part of the substantive offense." *Id.* at 870. Finally, we noted that the proper focus was "on the *substantive offense* and the defendant's conduct in relation to that *specific offense*." *Id.* (internal quotation marks and citation omitted). Although our decision in *Thomas* is not binding, it is persuasive and instructive authority. *See* 5TH CIR. R. 47.5.4; *United States v. Sauseda*, 596 F.3d 279, 282 (5th Cir. 2010). Further, as Granado acknowledges, in light of *Thomas*, whether the district court committed clear and obvious error is at least subject to reasonable debate. *See United States v.*

*Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).  Accordingly, Granado cannot show reversible plain error.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.