# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41248
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRINIDAD JAIMES-JAIMES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-179

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Trinidad Jaimes-Jaimes appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326. He contends that the district court plainly erred when it enhanced his sentence based on a finding that his 1996 Louisiana conviction for possession with intent to distribute marijuana was a felony drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41248

Relying on the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), as well as our decision in *United States v. Garza-Lopez*, 410 F.3d 268 (5th Cir. 2005), he contends that the Louisiana statute under which he was convicted is broader than the drug trafficking offense definition set forth in the commentary to § 2L1.2 because it proscribes the possession with intent to give away and administer a controlled substance. Because Jaimes-Jaimes did not object to the § 2L1.2(b)(1)(A)(i) enhancement in the district court, we review for plain error. *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005), *superseded by regulation on other grounds as stated in United States v. Pimpton*, 558 F. App'x 335, 337-38 (5th Cir. 2013).

In *United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015), *petition for cert. filed* (June 24, 2015) (No. 14-10355), we held that an enhancement under § 2L1.2(b)(1)(A)(i) is warranted regardless whether the conviction for the prior drug trafficking offense required proof of remuneration or commercial activity. Further, Jaimes-Jaimes has failed to establish a realistic probability that Louisiana would prosecute an individual under LA. REV. STAT. ANN. § 40:966(A)(1) for administering a controlled substance "in a way that does not also constitute either 'dispensing' or 'distributing' under the federal sentencing guidelines." *United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1892 (2015). Therefore, Jaimes-Jaimes cannot show error, plain or otherwise. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.