# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

GABRIEL POPA,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:

Gabriel Popa appeals his sentence for attempting to fraudulently possess fifteen or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) and (b)(1). Popa contends that the district court erred in declining to apply a three-level attempt adjustment under U.S.S.G. § 2X1.1(b)(1). The

court reasoned that Popa was not entitled to the adjustment based on its factual finding that he had been about to complete all acts necessary for the successful completion of the substantive offense when he was apprehended. *See* § 2X1.1(b)(1).

Without challenging that factual finding, Popa asserts that the district court erroneously overlooked § 2X1.1, comment. (n.4), which triggers the attempt reduction where a defendant has completed only part of an intended offense but is assessed losses based on his intended completion of the entire offense. Popa asserts that he was entitled to the reduction because he did not complete his broader scheme of using the access devices to steal money, yet he was assessed the entire intended loss of over $200,000, when in fact there were no actual losses.

In applying § 2X1.1(b), a sentencing court should consider "the substantive offense and the defendant's conduct in relation to that specific offense." *Id.* at 217 (internal quotation marks and citation omitted). As in the district court, Popa relies on *United States v. John*, 597 F.3d 263 (5th Cir. 2015), in which we found plain error in the district court's failure to subtract three levels for a partially completed offense where the defendant was sentenced based on the conspiracy's intended losses of almost $1.5 million rather than the actual losses of about $75,000. The substantive offense in *John*, however, was fraud in connection with an access device, which requires both the use of an access device and an actual loss, and only four of the seventy-six devices were in fact used to incur losses.

Popa's reliance on *John* is misplaced, because for its completion, the substantive offense of fraudulently possessing fifteen or more unauthorized access devices does not require any use of the devices or actual losses. *See* § 1029(a)(3), (b)(1). Furthermore, although the loss calculation in *John*,

No. 15-11153

597 F.3d at 283–84, was based almost entirely on incomplete offenses, Popa's loss calculation was derived largely from his completed possession of 427 access devices.

More analogous to Popa's situation is *United States v. Thomas*, 585 F. App'x 869, 870 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1750 (2015), involving the completed offense of the possession of stolen mail, which likewise does not require actual loss as an element. Finding *John*, 597 F.3d at 283, to be distinguishable, we specifically rejected the argument that "the key factor in a court's deciding whether to apply the partially-completed-offense reduction is the amount of criminal activity the defendant still has yet to undertake in order to cause the intended loss." *Thomas*, 585 F. App'x at 870. Instead, we reiterated that "the focus is on the *substantive offense* and the defendant's conduct in relation to that *specific offense*." *Id.* (internal quotation marks and citation omitted) (emphasis in *Thomas*). We thus concluded that the district court did not plainly err in failing to apply the attempt adjustment in light of § 2X1.1, comment. (n.4). *Id.*

Popa acknowledges that *Thomas* conflicts with his reasoning. Although *Thomas* was decided under a plain-error standard of review, neither its reasoning nor the facts of the instant case suggest any error by the district court here, even under *de novo* review. *See id.*; *Soto*, 819 F.3d at 216. Accordingly, there is no merit to Popa's contention that his offense was only partially completed under § 2X1.1, comment. (n.4). *See Thomas*, 585 F. App'x at 870; *accord United States v. Granado*, 608 F. App'x 247, 248 (5th Cir.) (following *Thomas*, also on plain-error review), *cert. denied*, 136 S. Ct. 423 (2015).

The district court thus did not err in denying Popa an attempt adjustment under § 2X1.1(b)(1). *See United States v. Soto*, 819 F.3d 213, 216 (5th Cir. 2016). The judgment of sentence is AFFIRMED.

3