# United States Court of Appeals
# for the Fifth Circuit

––––––––––

No. 22-11039

––––––––––

United States of America,

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2023

Lyle W. Cayce
Clerk

*Plaintiff—Appellee*,

*versus*

Adam Joseph Schultz,

*Defendant—Appellant*.

––––––––––––––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-162-1

––––––––––––––––––––––––––––––––––––––––

Before Higginbotham, Smith, and Elrod, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

After pleading guilty to one count of conspiracy to commit wire fraud and receiving a 120-month sentence, Defendant Adam Joseph Schultz challenged his sentence. We REMAND to the district court to conform the written judgment to the oral pronouncement of his sentence and AFFIRM in all other respects.

I

From November 2020 through February 2021, Schultz and his co-conspirators, Kevin Michael Davis, Charles Wayland Lanier, and Matthew

No. 22-11039

Pace Sharp, engaged in a scheme to fraudulently obtain vehicles. They used the dark web[1] to obtain car dealerships' log-in credentials for Manheim, an online vehicle exchange. They used the credentials to purchase and pay for vehicles with the car dealerships' money. Once the payment was made, Schultz and his co-conspirators used the purchase documents to pick up the vehicles. In total, they purchased or attempted to purchase nineteen vehicles worth a combined $766,249. They physically obtained eleven of those vehicles, which were worth a combined $442,213.

Schultz pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343). The PSR recommended a base offense level of seven. It recommended a fourteen-level increase based on the loss amount attributable to the nineteen vehicles Schultz intended to steal ($766,249). The PSR also recommended two-level enhancements for: (1) using sophisticated means; (2) engaging in a scheme to steal or receive stolen vehicles; (3) being an organizer or leader in the criminal activity; and (4) obstructing justice. The PSR subtracted three levels for acceptance of responsibility, resulting in a total offense level of twenty-six.

Regarding Schultz's criminal history, the PSR classified an April 2021 incident in which Schultz was stopped while driving a stolen vehicle as criminal history, not relevant conduct.[2] During the April 2021 arrest, officers found debit cards and addresses belonging to other individuals, as well as a

---

[1] The dark web is an area of the internet accessible only by using an encryption tool. It provides anonymity and privacy online, and perhaps consequently, frequently attracts those with criminal intentions. Gareth Owen & Nick Savage, *The Tor Dark Net*, Global Commission on Internet Governance, Paper Series No. 20, 1 (2015).

[2] Following the arrest, Schultz pleaded guilty to fraudulent possession of identifying information.

No. 22-11039

syringe containing methamphetamine, in the car.   Schultz received a criminal-history score of fifteen, putting him in criminal-history category VI. With a total offense level of twenty-six and a criminal-history category of VI, Schultz received an advisory guideline range of 120 to 150 months in prison.

Schultz objected to the PSR on the grounds that it: (1) improperly classified his April 2021 offense as criminal history, rather than relevant conduct, resulting in two extra criminal-history points; and (2) failed to give him a two-level reduction for a partially completed offense under U.S.S.G. §§ 2B1.1 and 2X1.1.  The district court rejected both of Schultz's objections. The district court imposed a sentence of 120 months and stated that it would have imposed the same sentence even if it was wrong about either of Schultz's objections.  In its oral pronouncement of the sentence, the district court stated that Schultz's federal sentence would run concurrently with any sentence imposed in his state cases.  In the court's written judgment, entered the same day that the oral pronouncement was made, the court stated that the federal sentence would run consecutively with any state sentences.

## II

Because Schultz preserved his objections to the district court's findings, we review the district court's interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error.  *United States v. Sanchez-Rodriguez*, 830 F.3d 168, 171 (5th Cir. 2016).

## A

Schultz argues that the district court committed reversible error by treating his state conviction for fraudulent use or possession of identifying information as criminal history instead of relevant conduct.

To determine whether an offense is part of the same course of conduct as the offense for which the defendant was convicted, courts look to: (1) the

similarity of the offenses; (2) the regularity of the offenses; and (3) the time interval between the offenses. *United States v. Lindsey*, 969 F.3d 136, 141 (5th Cir. 2020) (citing U.S.S.G. § 1B1.3, cmt. n.5(B)(ii)). A weak showing as to any of the factors does not preclude a finding of relevant conduct, but it does require a stronger showing from one of the other factors to compensate for the deficiency. *United States v. Rhine*, 583 F.3d 878, 886 (5th Cir. 2009). To determine the similarity of the offenses, courts must consider whether "there are distinctive similarities between the offense of conviction and the remote conduct," or whether the offenses are merely "similar in kind." *Id.* at 888 (citations omitted).

The April 2021 offense was appropriately classified as criminal history. The similarity factor strongly favors the government's position. The car in the April 2021 offense was physically stolen, while the vehicles underlying the wire fraud offense were fraudulently obtained through an online vehicle exchange. There is no suggestion that the instruments of identity theft found during the April 2021 arrest were used to obtain the vehicle. By contrast, when Schultz was arrested in January 2021 for the conduct for which he ultimately pleaded guilty, he was in a vehicle fraudulently purchased from the Manheim online vehicle exchange and the identity theft materials found in the vehicle were used for other Manheim transactions. These differences show the offenses were at most "similar in kind." *Rhine*, 583 F.3d at 888–89 (finding offenses were merely similar in kind where one cocaine offense involved a small sale to an individual and the other involved participation in a major drug-trafficking ring). The April 2021 arrest did not involve any of the same accomplices or victims as the Manheim scheme, and it occurred after Manheim learned of Schultz's scheme and shut it down.

The regularity factor also favors the government's position because of the differences in how the cars were obtained. *See Lindsey*, 969 F.3d at 142

(explaining that the regularity analysis asks whether there is a repeated pattern of similar unlawful conduct directly linking the purported relevant conduct and the offense of conviction). The Manheim vehicles were fraudulently obtained using identity theft, not physical theft. Therefore, those vehicles support the proposition that Schultz regularly engaged in fraud, not that he regularly physically stole vehicles. The record does not contain any instance in which Schultz physically stole a vehicle other than the April 2021 incident.

The time-interval factor favors Schultz, but it does not compensate for the weakness in the other factors. The benchmark for temporal proximity is generally one year. *Rhine*, 583 F.3d at 886. The April 2021 arrest occurred about ten weeks after the last Manheim vehicle was stolen. While ten weeks is well within the benchmark, it does not make up for the lack of similarity and regularity between the charged conduct and the April 2021 arrest.[3] Accordingly, the district court did not err by classifying the April 2021 arrest as criminal history rather than relevant conduct.

## B

Schultz argues that he should have received a reduction for a partially completed offense under U.S.S.G. §§ 2B1.1 and 2X1.1 because his conspiracy to commit wire fraud was part of a larger theft.

Application Note 19 of U.S.S.G. § 2B1.1 states:

> In the case of a partially completed offense (*e.g.*, an offense involving a completed theft or fraud that is part of a larger, attempted theft or fraud), the offense level is to be determined

---

[3] Schultz points to *United States v. Ocana*, in which this court found subsequent conduct was relevant conduct despite a lack of similarity with the charged conduct. 204 F.3d 585, 589–92 (5th Cir. 2000). *Ocana* is distinguishable. In *Ocana*, the regularity factor also favored the defendant. *Id.* at 591. Here, only temporal proximity favors Schultz.

No. 22-11039

> in accordance with the provisions of §2X1.1 (Attempt, Solicitation, or Conspiracy) whether the conviction is for the substantive offense, the inchoate offense (attempt, solicitation, or conspiracy), or both.

U.S.S.G. § 2B1.1 cmt. (n.19.)

> Application Note 4 of U.S.S.G. § 2X1.1 states:

> In certain cases, the participants may have completed (or have been about to complete but for apprehension or interruption) all of the acts necessary for the successful completion of part, but not all, of the intended offense. In such cases, the offense level for the count (or group of closely related multiple counts) is whichever of the following is greater: the offense level for the intended offense minus 3 levels (under §2X1.1(b)(1), (b)(2), or (b)(3)(A)), or the offense level for the part of the offense for which the necessary acts were completed (or about to be completed but for apprehension or interruption). For example, where the intended offense was the theft of $800,000 but the participants completed (or were about to complete) only the acts necessary to steal $30,000, the offense level is the offense level for the theft of $800,000 minus 3 levels, or the offense level for the theft of $30,000, whichever is greater.

U.S.S.G. § 2X1.1 cmt. n.4.

No reduction is warranted when the failure to complete the substantive offense is the result of intervention by the victim or law enforcement. U.S.S.G. § 2X1.1, cmt. (backg'd.)

Schultz's argument turns on whether §§ 2B1.1 and 2X1.1 apply only to situations in which the defendant was charged with the larger offense or whether they also apply to situations in which the defendant intended a larger offense for which he was not charged. Though there is some textual basis for Schultz's position, it is clearly foreclosed by our precedent.

While we have not specifically held that a defendant must be charged with the larger crime to be eligible for a partially completed offense reduction, we have repeatedly upheld sentences when the charged crime was arguably part of a larger intended theft, provided the elements of the charged crime were completed. *United States v. Popa*, 835 F.3d 506, 508 (5th Cir. 2016) (explaining that the focus is on the substantive offense, not additional criminal activity needed to cause the intended loss); *United States v. Neal*, 294 F. App'x 96, 102 (5th Cir. 2008) (unpublished); *United States v. Thomas*, 585 F. App'x 869, 870 (5th Cir. 2014) (unpublished). For example, in *Popa*, the defendant was charged with attempting to fraudulently possess unauthorized access devices. *Popa*, 835 F.3d at 507. He intended to use the devices to steal $200,000, but he did not obtain any of the money. *Id.* We held it was proper not to apply a § 2X1.1 sentence reduction because the defendant completed all the elements of the crime for which he was charged. *Id.* at 508. It did not matter that he could have been charged with attempted theft, making the completed crime part of that larger crime.

*United States v. John*, which Schultz mistakenly contends supports his position, proves, rather than contradicts, the rule. 597 F.3d 263 (5th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021). In *John*, the defendant fraudulently accessed 76 bank accounts. *Id.* at 269. Because the defendant only made purchases with eight of the accounts, we held the district court clearly erred by failing to apply a partially completed offense reduction. *Id.* at 281–84. As explained in *Thomas* and *Popa*, the uncompleted conduct in *John* was an element of the crime for which the defendant was convicted. 585 F. App'x at 870; 835 F.3d at 508. It was not additional criminal activity needed to cause the loss. *John* is consistent with cases such as *Popa*, which hold that an incomplete offense reduction is inapplicable where the elements of the charged crime have been completed.

Here, Schultz completed each of the elements of the charged crime. Wire fraud requires: (1) a scheme to defraud; (2) use of wire communications in interstate commerce to further that scheme; and (3) specific intent to defraud. *United States v. Sanders*, 952 F.3d 263, 277 (5th Cir. 2020) (citation omitted) (listing elements of fraud). Wire fraud does not require obtaining the targeted money or property. *E.g.*, *United States v. Tulaner*, 512 F.3d 576, 580–81 (9th Cir. 2008). Failure to physically possess eight of the vehicles, the sole basis for Schultz's argument, does not implicate any of the fraud elements. The district court did not err by declining to apply a reduction for a partially completed offense.

C

When there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Here, there is a conflict between the written sentence and the oral pronouncement. In the oral pronouncement, the district court stated:

> It is the judgment of the Court that the defendant is committed to the Federal Bureau of Prisons for a period of 120 months. This sentence shall run *concurrent* to any future sentence which may be imposed in Case No. 12573, 46th Judicial District Court of Wilbarger County; Case Nos. 00683773-2021, and 00683774-2021 out of Collin County Court of Law, No. 6; and Case No. CM-2021-00154 out of Ryan County District Court, all of which are unrelated in the case, and *concurrent* with any sentence in Case No. 40185020-2021, and 40185021-2021, which is pending in the 468th Judicial District Court of Collin County, Texas; and Case No. 00683772-2021 which is in Collin County, Court No. 6.

In the written judgment, the district court wrote:

8

The defendant, ADAM JOSEPH SCHULTZ, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of ONE HUNDRED TWENTY (120) MONTHS as to Count One of the Information filed on June 7, 2022. This sentence shall run *consecutively* to any future sentence which may be imposed in Case No. 12,573 in the 46th Judicial District Court, Wilbarger County; Case Nos. 006-83773-2021 and 006-83774-2021 in Collin County Court at Law 6; and Case No. CM-2021-00154 in the Bryan County District Court, all of which are unrelated to the instant offense. This sentence shall run *concurrently* with any future sentence which may be imposed in Case Nos. 401-85020-2021 and 401-85021-2021, both in the 468th Judicial District Court, Collin County, and Case No. 006-83772-2021 in Collin County Court at Law 6, which are related to the instant offense.

Because the written judgment and oral pronouncement conflict, we REMAND to the district court to amend the written judgment to conform with the oral announcement. *See United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003).

\*　　\*　　\*

For the foregoing reasons, the district court's sentence is AFFIRMED in part and REMANDED in part so that the written judgment can be amended to conform with the court's oral pronouncement at sentencing.

9