**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-10502
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CURTIS ONEAL RHINE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-183-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Curtis Oneal Rhine pleaded guilty without a written plea agreement to one count of possession with intent to distribute crack cocaine and one count of possession of a firearm by a felon. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(C); 18 U.S.C. §§ 922(g)(1), 924(a) and 2. Rhine argues that the district court erred in attributing five kilograms of crack cocaine to him as relevant conduct. *See* U.S.S.G. § § 1B1.3(a)(1). The district court made the factual finding that the quantities in the count of conviction and in the challenged relevant conduct were

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

related. Given the evidence in the record linking the two quantities, we cannot say that the district court's finding was clearly erroneous. *See United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998).

Rhine further argues that the relevant conduct finding by the district court was neither admitted by him nor proven beyond a reasonable doubt and, for this reason, infringed upon his Sixth Amendment rights. Following *United States v. Booker*, 543 U.S. 220 (2005), "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a guideline sentencing range." *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006). Rhine's argument that his statutory maximum sentence was unreasonable because his guidelines range was not properly calculated in violation of the Sixth Amendment is without merit. *See United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006).

AFFIRMED.