# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30720
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YANCY TODD SONNIER, also known as Yancy Sonnier,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-160-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yancy Todd Sonnier pleaded guilty to one count of possession with intent to distribute methamphetamine and one count of being a felon in possession of a firearm. He now challenges the calculation of his advisory guidelines range, contending that the district erred in adding two criminal history points pursuant to U.S.S.G. § 4A1.1(d) based on its determination that he committed relevant conduct while under a state parole sentence. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30720

In light of the unrebutted facts in the presentence report, Sonnier fails to demonstrate that the district court clearly or obviously erred in determining that his conduct on March 13, 2017 was relevant conduct with respect to his offense of conviction or that he was subject to a sentence of parole at that time. *See United States v. Barfield*, 941 F.3d 757, 761-63 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1282 (2020). We are not persuaded that *United States v. Rhine*, 583 F.3d 878 (5th Cir. 2009), and *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999), compel a different conclusion. Accordingly, the district court did not err in applying § 4A1.1(d). *See* § 4A1.1, comment. (n.4).

**AFFIRMED**.