# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10748
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES EARL DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before OWEN, Chief Judge, and DENNIS and CLEMENT, Circuit Judges

PER CURIAM:

This case returns to us from the Supreme Court of the United States, which vacated our judgment and remanded for this court to apply plain-error review to the factual argument that Defendant forfeited at sentencing. *Davis v. United States*, 140 S. Ct. 1060, 1061–62 (2020).

Charles Earl Davis appeals his sentence for possession of a firearm by a convicted felon and possession with intent to distribute a mixture containing a detectable amount of methamphetamine. He challenges the district court's order running the sentence consecutively to his anticipated state-court

No. 18-10748

sentences for possession of less than two ounces of marijuana and unlawful possession of a firearm—conduct that occurred about 10 months before the federal offenses. According to Davis, the district court should have run the federal and state sentences concurrently under U.S.S.G. § 5G1.3(c) or provided an adequate explanation for varying from § 5G1.3(c)'s recommendation of concurrent sentences. He contends that § 5G1.3(c) recommended concurrent sentences because the state offenses were relevant conduct under U.S.S.G. § 1B1.3(a)(2), as part of the same course of conduct as the federal offenses due to the similarity, temporal proximity, and regularity of the conduct. Davis asks us to vacate his sentence and remand for the district court to consider § 5G1.3(c)'s purported recommendation that the sentences run concurrently or to explain why the court varied from that recommendation.

Under plain-error review, Davis must show a clear or obvious error that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* An error is clear or obvious if it is not subject to reasonable debate. *Id.*

Whether Davis's federal and state offenses were part of the same course of conduct for purposes of § 1B1.3(a)(2) is subject to reasonable debate. Two of the relevant considerations—similarity and regularity—are arguably absent, and the third consideration—temporal proximity—is not strong. *See* U.S.S.G. § 1B1.3(a)(2) cmt. n.5(B)(ii). The types and quantities of drugs, the types of guns, and the methods of operation were different, and there was no evidence that there were common accomplices or that the drugs shared a common source, supplier, or destination. *See, e.g.*, *United States v. Rhine*, 583 F.3d 878, 888–89 (5th Cir. 2009). Nor was there evidence that Davis engaged in any

2

criminal activity during the nearly 10-month interval between the state and federal offenses. *See id.* at 890–91.

Accordingly, we find no clear or obvious error under § 5G1.3(c). *See* § 1B1.3(a)(2) cmt. n.5(B)(ii); § 5G1.3(c); *Puckett*, 556 U.S. at 135. For the same reasons, we find that the district court did not clearly or obviously err by failing to give an additional explanation for why it ordered the sentence to run consecutively to the anticipated state sentences. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). Thus, Davis fails to show plain error. *See Puckett*, 556 U.S. at 135. The judgment of the district court is AFFIRMED.