# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2020

Lyle W. Cayce
Clerk

No. 19-20523
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT COLEMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-689-1

Before BARKSDALE, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Robert Coleman pleaded guilty to: manufacturing and possessing, with intent to distribute, cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and discharging a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). The district court sentenced him to, *inter alia*, imprisonment of 70 months for Count 1 and the § 924 mandatory consecutive

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

minimum 120 months for Count 2.  He contends the court erred in determining his advisory Sentencing Guidelines sentencing range for Count 1 because, applying Guideline § 1B1.3 (relevant conduct), it included in his relevant conduct 28 grams of cocaine base he sold to a cooperating source in May 2018, rather than considering only the drugs involved in his November 2018 offense of conviction.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"A finding by the district court that unadjudicated conduct is part of the same course of conduct or common scheme or plan [and, as discussed *infra*, therefore satisfies Guideline § 1B1.3] is a factual determination . . . ."  *United States v. Rhine*, 583 F.3d 878, 884–85 (citations omitted).  Factual findings are clearly erroneous only if they are not "plausible in [the] light of the record as a whole" and, therefore, "leave[] us with the definite and firm conviction that a mistake has been committed".  *United States v. Nava*, 957 F.3d 581, 586 (5th Cir. 2020) (internal quotation marks and citations omitted).  There was no clear error.

"[I]n a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if

they were part of the same course of conduct or part of a common scheme or plan as the count of conviction". U.S.S.G. § 1B1.3, cmt. background; *see also Rhine*, 583 F.3d at 885. In such cases, our court has "broadly defined what constitutes the same course of conduct or common scheme or plan". *Rhine*, 583 F.3d at 885 (internal quotation marks and citation omitted). Offenses qualify as the same course of conduct under Guideline § 1B1.3 if they "pass the test of similarity, regularity[,] and temporal proximity". *United States v. Bethley*, 973 F.2d 396, 401 (5th Cir. 1992) (citation omitted). "A weak showing as to any one of these factors will not preclude a finding of relevant conduct; rather, when one . . . is absent, a stronger presence of at least one of the other factors is required". *Rhine*, 583 F.3d at 886 (alteration, internal quotation marks, and citation omitted).

Contrary to Coleman's contentions, the court's finding the May 2018 sale satisfied Guideline § 1B1.3 was plausible in the light of the record. The six-month interval at issue easily satisfies our court's one-year "benchmark for determining temporal proximity". *Id.* at 887 (citation omitted). Coleman's offenses are also similar because they involved his possessing cocaine base to sell in the area around his home. His conduct, moreover, meets the threshold for regularity; on multiple occasions between the two incidents, police surveilling him heard—on intercepts—him selling drugs, including cocaine base, and a witness told police that Coleman manufactured and sold cocaine base from his residence. *See id.* at 890 (citation omitted).

AFFIRMED.