# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2021

Lyle W. Cayce
Clerk

No. 20-50570

United States of America,

*Plaintiff—Appellee*,

*versus*

Kyle Leroy Myers,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-10-1

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kyle Leroy Myers appeals the 365-month within-guidelines sentence imposed by the district court following his guilty plea convictions of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession with intent to distribute 50 grams or more of actual

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50570

methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Myers challenges the district court's drug quantity determination and its application of a firearm enhancement under U.S.S.G. § 2D1.1(b)(1). He also argues that his sentence is substantively unreasonable. Because Myers has failed to show that the district court committed procedural or substantive error in imposing his sentence, we AFFIRM.

## I. Facts & Procedural Background

On December 12, 2019, law enforcement observed a vehicle occupied by three individuals arrive at a residence that was believed to be involved in the trafficking of methamphetamine. Officers later conducted a traffic stop of the vehicle. While retrieving a jacket from the vehicle for the driver, an officer observed a loaded pistol on the rear passenger floorboard. During a subsequent search of the vehicle, officers located a purse in the front passenger side of the vehicle where one of the occupants, Tiffany Sutton, had been seated. The purse contained approximately 18.5 grams of heroin and 15.6 grams of methamphetamine. Sutton claimed ownership of the purse but denied owning the drugs inside. She was arrested and remains in federal custody today.

After additional investigation, law enforcement learned that Sutton received the heroin and methamphetamine from her roommate, Kyle Myers, who resided in a recreational vehicle ("RV") in Odessa, Texas. Officers obtained and executed a search warrant of the RV on December 13, 2019. During the search of the RV, Myers was detained along with another person inside, Brandy Dean. The search resulted in the seizure of approximately 1,290 grams of methamphetamine, 521 grams of heroin, a pistol, ammunition, and $21,456 in currency. Officers also recovered packaging materials, digital scales, and detailed ledgers of drug transactions. Myers was arrested and remains in federal custody today.

No. 20-50570

After Sutton was arrested, she pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and one count of possession with intent to distribute five grams or more of actual methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court imposed a two-level dangerous weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for the pistol found on the floorboard of the vehicle subjected to the December 12th traffic stop and sentenced Sutton at the bottom of the guidelines range to concurrent terms of 168 months' imprisonment, to be followed by concurrent five-year terms of supervised release. Thereafter, she appealed her sentence urging error with respect to the dangerous weapon enhancement and other related sentencing issues. *See* No. 20-50597, *United States v. Sutton*, 2021 WL 3276524, at *1 (5th Cir. July 30, 2021). A panel of this court has now vacated the district court's imposition of the dangerous weapon enhancement to Sutton's sentence and remanded for resentencing. *Id*. at *4.

At Myers's rearraignment, the Government orally set forth his factual basis using the factual resume that Sutton had previously signed and submitted in support of her guilty plea. Myers denied knowledge of the pistol and heroin and stated that he possessed only eight ounces of methamphetamine. The district court explained that Myers was only pleading guilty to possession with intent to distribute and conspiracy to possess with intent to distribute 50 grams or more of methamphetamine but advised him that the guns and heroin could affect his guidelines calculations. Myers then pled guilty.

The information in the offense conduct section of Myers's presentence report ("PSR") aligned with the information that was set forth in Sutton's factual resume. The PSR noted Myers's interview with law enforcement where he admitted to obtaining drugs and storing them in his

No. 20-50570

RV, denied selling drugs other than methamphetamine, and stated that Sutton sold drugs but not for him. The probation officer converted the $21,456 in currency that was found in Myers's residence to 2.5 kilograms of actual methamphetamine. The PSR held Myers accountable for 76,600.26 kilograms of converted drug weight, resulting in a base offense level of 36. The PSR assessed a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during his drug trafficking offenses and applied a three-level reduction for acceptance of responsibility. Myers's total offense level of 35 and criminal history category of VI yielded a guidelines range of 292 to 365 months' imprisonment.

Myers objected to the drug quantity calculations and firearm enhancement. In response, the probation officer prepared an addendum that recommended denying Myers's objections because the district court could consider his relevant conduct under U.S.S.G. § 1B1.3(a)(1)-(2). This included reasonably foreseeable acts of a coconspirator subject to the limitations set forth in the Guidelines and information in the PSR that had been obtained from investigative reports, Sutton's factual resume, and Myers's oral factual basis. Myers renewed his objections at sentencing and the district court overruled them. It then found that the PSR was accurate and adopted it. The district court denied Myers's request for a downward variance and sentenced him to concurrent terms of 365 months' imprisonment and concurrent five-year terms of supervised release. Myers filed this appeal.

## II. Standard of Review

We engage in a bifurcated review of the sentence imposed by a district court. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We first consider whether the district court committed a "'significant procedural error,' such as miscalculating the advisory Guidelines range." *United States v. Odom*, 694

F.3d 544, 547 (5th Cir. 2012) (citation omitted). If there is no procedural error, or if any such error is harmless, "this court may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion." *Id.*

For preserved claims of procedural error, we review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). "[I]n determining whether an enhancement applies, a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *United States v. Ramos-Delgado*, 763 F.3d 398, 400 (5th Cir. 2014) (internal quotation marks and citation omitted). A factual finding is not clearly erroneous if it is plausible given the entire record, even if the reviewing court "would have weighed the evidence differently and made a different finding." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (internal quotation marks and citation omitted). Conversely, a factual-finding is clearly erroneous if the court's "review of all the evidence leaves [it] with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

A district court may adopt the facts in a PSR without additional inquiry "if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks and citation omitted). The defendant has the burden to demonstrate that the PSR's information is "materially untrue, inaccurate, or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (citation omitted). "Mere objections to such supported facts are generally insufficient." *Id.*

### III. Discussion

On appeal Myers argues that: (1) the district court reversibly erred in its calculation of the drug quantity attributed to him, (2) the district court reversibly erred in imposing a firearm enhancement under U.S.S.G. § 2D1.1(b)(1), and (3) the sentence imposed is substantively unreasonable. We address each argument in turn.

*A. Drug Quantity*

Myers first argues that the district court erred in calculating the drug quantities attributed to him. We disagree. The district court's drug quantity determinations, including its determination that the currency represented drug proceeds, are factual findings that we review for clear error when preserved.[1] *United States v. Barry*, 978 F.3d 214, 218 (5th Cir. 2020). When a defendant is convicted of a drug-trafficking crime, his base offense level is determined by the quantity and type of drugs involved in the offense. *See United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009); U.S.S.G. § 2D1.1(a)(5), (c). "[T]he base offense level can reflect quantities of drugs not specified in the count of conviction if they were" derived from relevant conduct, *Rhine*, 583 F.3d at 885, meaning they were "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(1)-(2).

"Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." *Id.* at § 2D1.1, comment. (n.5). The district court may extrapolate drug "quantity from any information that has sufficient indicia of reliability to support its probable accuracy," including a law enforcement

---

[1] Myers objected to paragraph 8 of the PSR holding him responsible for 76,600 kilograms of converted drug weight, thus preserving this error for appellate review.

agent's approximation and hearsay evidence. *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted). As relevant here, the district court may convert cash into drug quantities based upon a determination that the cash represented proceeds of drug transactions. *See United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997); *see also* U.S.S.G. § 2D1.1, comment. (n.5) (noting that, in approximating the drug quantity, the court may consider the price generally obtained for the controlled substance, as well as financial and other records). Factors to be considered in determining whether cash represented proceeds of drug transactions include that the denominations of cash were consistent with drug sales, that the defendant had presented an incredible explanation for possession of the currency, and that the defendant was unemployed with no apparent source of legal income. *United States v. Fitzgerald*, 89 F.3d 218, 223–24 (5th Cir. 1996).

Here, the information in the PSR was based on sufficiently reliable evidence for the district court to conclude that Myers was supplying Sutton with methamphetamine and heroin, and that they lived together in an RV.[2] This information was included in Sutton's factual resume and she swore under oath that the information in it was true. *See United States v. Rico*, 864 F.3d 381, 384–86 (5th Cir. 2017) (noting that the PSR and addendum established that the challenged information was provided by a coconspirator and "[s]tatements by coconspirators are sufficiently reliable to form the basis of a finding"). Moreover, Myers has failed to present reliable evidence

---

[2] In his reply brief, Myers challenges the Government's assertion that his and Sutton's residence was an RV. However, he did not argue in the district court that his residence was not an RV and his defense counsel referred to the residence as a trailer multiple times during sentencing. Accordingly, the information before the district court was sufficient to establish that Myers's residence was an RV.

establishing that the information in the PSR and Sutton's sworn testimony were "materially untrue, inaccurate, or unreliable." *Harris*, 702 F.3d at 230.

As stated, the RV contained $21,456 in cash, distribution quantities of methamphetamine and heroin, drug packaging materials, ledgers documenting drug sales, a loaded firearm, and ammunition. Myers does not identify a plausible legal explanation for his or Sutton's individual or joint possession of such a large sum of cash.[3] Although Myers implies that the currency may have belonged to Dean,[4] he provides no evidence that she resided in the RV with him and Sutton and proffers no legitimate reason for her to carry such a large amount of cash. *See Barry*, 978 F.3d at 218–19. Based on the foregoing evidence, the district court could have plausibly inferred that the cash constituted drug proceeds and that the amount of drugs seized did not sufficiently reflect the scope of the conspiracy. *Id*. at 218. Accordingly, we hold that the district court did not err in calculating the drug quantities attributable to Myers.

Myers's second argument that he should only be held responsible for the eight ounces of methamphetamine that he admitted to possessing also falls short. Possession of a controlled substance may be proven by either direct or circumstantial evidence, may be actual or constructive, and may be joint with others. *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). "Constructive possession is ownership, dominion, or control over the contraband itself or dominion or control over the premises in which the contraband is concealed." *United States v. Fells*, 78 F.3d 168, 170 (5th Cir. 1996) (internal quotation marks, emphasis, and citation omitted).

---

[3] At the time of the search, Myers was earning $13 per hour, which would yield approximately $27,000 per year for full-time employment.

[4] Dean was not charged in the instant offense.

Here, there was sufficient evidence in the record for the district court to plausibly conclude that Myers supplied Sutton, his coconspirator, with methamphetamine and heroin, and that Myers and Sutton lived together in the RV where the methamphetamine, heroin, and drug proceeds were seized pursuant to the search warrant. Although Dean may have been present in the RV when officers arrived to execute the search warrant, she was not charged. The charged drug conspiracy in this case consisted only of Myers and Sutton. Given this evidence, the district court could have plausibly concluded that Myers possessed all of the seized drugs and drug proceeds in the RV, and that his possession was in furtherance of the drug conspiracy to which he pled guilty. *See Barry*, 978 F.3d at 218–20; *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001) ("The quantity includes the drugs for which the defendant is directly responsible and the drugs that can be attributed to him in a conspiracy as relevant conduct."); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (affirming the district court's drug quantity relevant conduct calculation because it was plausible in light of the record as a whole); *see also* U.S.S.G. § 1B1.3(a)(1)(A), (B) (stating relevant conduct includes defendant's actions during commission of the offense, as well as relevant conduct in a jointly undertaken criminal activity that is "within the scope," "in furtherance of," and "reasonably foreseeable in connection with" the conspiracy). For these reasons, we conclude that the district court did not err in holding Myers accountable for the drugs and drug proceeds found in the RV.[5]

---

[5] We do not address Myers's arguments relating to the items seized as a result of the December 12 traffic stop, *see* U.S.S.G. § 2D1.1(a)(5), (c)(2) (drug quantity table), because Myers's base offense level of 36 was not affected by the quantities of drugs found in Sutton's purse or the firearm found in the vehicle.

*B. Firearm Enhancement*

Whether the defendant possessed a dangerous weapon is a factual finding that is reviewed for clear error. *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). An argument that "does not concern the specifics of the factfinding, but, rather, whether the facts found are legally sufficient to support the enhancement," is reviewed de novo. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). Myers advances both factual and legal challenges to the enhancement.

Section 2D1.1(b)(1) provides that, if "a dangerous weapon (including a firearm) was possessed, increase by 2 levels." U.S.S.G. § 2D1.1(b)(1). The commentary provides that the enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* at § 2D1.1, comment. (n.11(A)). The Government can take two approaches in proving the applicability of this enhancement. *United States v. Marquez*, 685 F.3d 501, 507 (5th Cir. 2012). "First, the [G]overnment can prove that the defendant personally possessed the weapon by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991). Under this approach, "the [G]overnment must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *Id.* Second, "when another individual involved in the commission of an offense possessed the weapon, the [G]overnment must show that the defendant could have reasonably foreseen that possession." *Id.*

Myers disclaims knowledge or ownership of the pistol found in the RV. However, given the small size of the RV and the nature of the items found in the RV with the firearm, the district court could have plausibly found that the RV constituted the situs of Myers and Sutton's drug

trafficking conspiracy. *Id.* Furthermore, considering that Dean was never charged in the conspiracy with Sutton and Myers, the district court could plausibly conclude that the firearm more likely belonged to Myers rather than to Dean. *See United States v. King*, 773 F.3d 48, 54 (5th Cir. 2014) (upholding application of the U.S.S.G. § 2D1.1(b)(1) enhancement because although the defendant "shared the residence with his wife, there is no indication that she was involved in any drug activity"). Myers advances no discernible argument to establish that it was clearly improbable that the firearm was connected to his drug trafficking offenses after the Government established his possession. *See Ruiz*, 621 F.3d at 396; U.S.S.G. § 2D1.1(b)(1), comment. (n.11(A)). For these reasons, we hold that the district court did not err in imposing the U.S.S.G. § 2D1.1(b)(1) firearm enhancement based on the pistol found in the RV.[6]

### C. Substantive Reasonableness

Finally, Myers contends that his 365-month sentence is substantively unreasonable. Because Myers argued that a within-guidelines sentence was unreasonable at sentencing, we review his substantive reasonableness challenge for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). Thus, the relevant question here is whether the district court "abused [its] discretion in determining that the [18 U.S.C.]

---

[6] Because we have held that the district court did not err in its determination that Myers possessed the firearm found in the RV and we can affirm the U.S.S.G. § 2D1.1(b)(1) enhancement on that basis, we need not address Myers's arguments pertaining to the firearm found in the vehicle that was subjected to the traffic stop. Likewise, because a panel of this court vacated the firearm enhancement in Sutton's appeal, and her appeal involved only the firearm found in the vehicle that was subjected to the traffic stop, the disposition of Sutton's appeal has no bearing on our disposition of Myers's appeal. *See Sutton*, 2021 WL 3276524, at *4.

§ 3553(a) factors supported the sentence imposed." *Id.* at 766 (internal quotation marks and citation omitted).

As a preliminary matter, Myers's 365-month within-guidelines sentence is presumptively reasonable. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Here, the district court listened to defense counsel's arguments in favor of a downward variance, Myers's allocution, and the Government's response in opposition to the downward variance. As support for a within-guidelines sentence, the Government cited Myers's conviction for drug conspiracy, the scope of the conspiracy, and the nature and extent of his criminal history.  It further stated that aside from the relevant conduct, eight ounces of methamphetamine is still a significant amount. The district court agreed with the Government. Myers offers no support for his argument that the district court failed to consider a factor that should have received significant weight or gave significant weight to an irrelevant or improper factor. *See United States v. Maes*, 961 F.3d 366, 379 (5th Cir. 2020); *Cooks*, 589 F.3d at 186. Furthermore, the district court's sentencing decision is entitled to deference, and this court may not reweigh the 18 U.S.C. § 3553(a) factors or reverse a sentence even if it reasonably could conclude that a different sentence was proper. *See Gall*, 552 U.S. at 51; *see also Hernandez*, 876 F.3d at 166. Myers's disagreement with the district court's denial of his request for a downward variance does not rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See Hernandez*, 876 F.3d at 166–67. Accordingly, he fails to establish that the district court imposed a substantively unreasonable sentence. *See id.* at 167.

No. 20-50570

## IV. Conclusion

For the foregoing reasons, the district court's judgment is AFFIRMED.