# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2022

Lyle W. Cayce
Clerk

No. 21-11001
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ZACKEY RAHIMI,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-83-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Zackey Rahimi, after being charged with various state offenses, pleaded guilty to a violation of federal law for possessing a firearm in contravention of a restraining order. The district court ordered Rahimi's federal sentence of imprisonment to run concurrently with certain state-case

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11001

sentences but to run consecutively with other state-case sentences because the acts involved in the latter were not "relevant conduct" for purposes of U.S.S.G. § 1B1.3. Rahimi appeals, challenging the finding that certain acts were not relevant conduct. We find no clear error and affirm.

## I.

Zackey Rahimi was suspected to have participated in a series of shootings that occurred between December 2020 and January 2021. As a result, police officers obtained a warrant to search his residence, and when they executed the warrant, they found a pistol and a restraining order issued on February 5, 2020. The order restrained Rahimi from possessing a firearm and warned him that possession of a firearm or ammunition while the order was in effect could be a felony under 18 U.S.C. § 922(g) and § 924(a)(2).

A federal grand jury indicted Rahimi for possession of firearms in violation of sections 922(g)(8) and 924(a)(2).[1] Later, Rahimi pleaded guilty. At sentencing, the presentence investigation report ("PSR") detailed Rahimi's lengthy criminal history. Relevant to this appeal are the state charges that were pending against him for offenses that occurred from December 2019 to November 2020. Three pending state charges resulted from Rahimi's use of a firearm in the physical assault of his girlfriend in December 2019,[2] and another state charge arose from an aggravated assault with a deadly weapon of a different woman in November 2020. Rahimi objected to the PSR, arguing that the pending charges described relevant

---

[1] Rahimi moved to dismiss the indictment on the ground that section 922(g)(8) on its face violates the Second Amendment and the district court denied the motion. Rahimi appeals this decision but acknowledges that it is foreclosed by our binding precedent. *United States v. McGinnis*, 956 F.3d 747 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1397 (2021).

[2] The charges included terroristic threat of a family/household member, discharge of a firearm in certain municipalities, and family violence assault causing bodily injury.

No. 21-11001

conduct to the instant offense such that the sentence for the instant federal offense should be ordered to run concurrently to the state sentences. The district court overruled the objection, adopted the PSR, and ordered the federal sentence to run consecutively to the pending charges because they were not relevant conduct. Rahimi appeals, arguing that the district court clearly erred by concluding the pending charges were not relevant conduct.

## II.

A determination of relevant conduct is a finding of fact that is reviewed for clear error. *United States v. Brummett*, 355 F.3d 343, 344–45 (5th Cir. 2003). A district court has the discretion to order its sentences of imprisonment be served concurrently or consecutively to anticipated state terms of imprisonment. *Setser v. United States*, 566 U.S. 231, 236 (2012). A determination of relevant conduct is "not clearly erroneous as long as [it is] 'plausible in light of the record as a whole.'" *United States* v. *Ortiz*, 613 F.3d 550, 557 (5th Cir. 2010) (quoting *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009)).

The sentencing guidelines provide that "the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment" if another offense is "relevant conduct . . . under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3." U.S.S.G. § 5G1.3(c). "Relevant conduct is defined as 'all acts and omissions' that . . . [are] part of the 'same course of conduct' as the offense of conviction." *Ortiz*, 613 F.3d at 557 (quoting U.S.S.G. § 1B1.3(a)(2)). Two or more offenses may constitute as the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." § 1B1.3, cmt. (n.5(B)(ii)). Relevant factors include "the degree of

No. 21-11001

similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*

### III.

Rahimi argues that the pending charges are relevant to the instant federal charge because they are all a part of a pattern of ongoing (i.e., similar) conduct involving a firearm and domestic violence. He contends that the temporal proximity favors a finding of relevant conduct because the November 2020 conduct occurred just two months before the search of his residence (resulting in the instant charge) and the December 2019 conduct was little more than a year prior to the instant offense. Last, Rahimi argues that the number of similar crimes involving firearm possession shows regularity.

However, we conclude that the record as a whole supports the district court's finding that the pending state charges are not a part of the same course of conduct as Rahimi's possession of a firearm in violation of a restraining order. First, although the record shows some regularity to Rahimi's violent use—and thus possession—of a firearm, we have previously held that a 10-month lag between a past act and the instant offense is "not strong" evidence of temporal proximity for purposes of section 1B1.3. *United States v. Davis*, 967 F.3d 441, 442 (5th Cir. 2020) (per curiam). Second, Rahimi's December 2019 conduct involved the domestic assault of his girlfriend in a public parking lot. When warned by his passenger about the presence of another witness, Rahimi fired a shot at the witness. The instant offense involves no public violence or domestic assault and so bears little resemblance to the December 2019 events.

Similarly, Rahimi's November 2020 conduct involved the violent use of a firearm in furtherance of an assault. Indeed, Rahimi's possession of a firearm in that instance was also a violation of the February 2020 restraining

No. 21-11001

order, but "[a]s we have previously cautioned . . . courts must not conduct this [similarity] analysis at such a level of generality as to render it meaningless." *United States* v. *Rhine*, 583 F.3d 878, 888 (5th Cir. 2009). Rahimi's violent use of the firearm in November is meaningfully different from merely possessing a firearm. *Cf. United States v. Horton*, 993 F.3d 370, 376 (5th Cir.), *cert. denied*, 142 S. Ct. 382 (2021) (finding meaningful differences in the location of the conduct and amount of drugs at issue on different occasions). Because the similarity and temporal-proximity factors are strained,[3] the district court's finding that these previous acts are not relevant conduct is "plausible in light of the record as a whole," and accordingly is not clearly erroneous. *Rhine*, 583 F.3d at 885.

### III.

For the foregoing reasons, we AFFIRM.

---

[3] *See Davis*, 967 F.3d at 442 (finding no relevant conduct when the temporal proximity was "not strong" and the other two factors were "arguably absent").