# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60322
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Terrance Chandler,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:20-CR-59-1

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Terrance Chandler appeals the 240-month below guidelines sentence that the district court imposed after Chandler pled guilty to conspiring to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(D), and to money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). In particular, Chandler challenges the district court's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

decision to hold him accountable, under relevant conduct principles, for methamphetamine (actual) found in his vehicle during a traffic stop.

In determining a defendant's base offense level at sentencing, "the district court may consider other offenses in addition to the acts underlying the offense of conviction, as long as those offenses constitute 'relevant conduct' as defined in the Guidelines." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009). As Chandler preserved his challenge to the district court's relevant conduct determination, we review the district court's application of the Guidelines *de novo* and its factual findings for clear error. *United States v. Suchowolski*, 838 F.3d 530, 532 (5th Cir. 2016). The "district court's determination of what constitutes relevant conduct for purposes of sentencing is a factual finding that is reviewed for clear error." *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019) (internal quotation marks and citations omitted). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted). "Relevant conduct attributed to a defendant under the sentencing guidelines . . . does not require proof beyond a reasonable doubt, only a preponderance of the evidence." *United States v. Johnson*, 14 F.4th 342, 347 (5th Cir. 2021) (internal quotation marks, brackets, and citation omitted).

In this case, Chandler argues there was insufficient evidence to establish that he constructively possessed the methamphetamine (actual), given that it was found in a vehicle jointly occupied by Chandler, who had been driving, as well as a passenger. In support, Chandler relies on the passenger's testimony at the sentencing hearing that the drugs belonged to the passenger and that Chandler had no knowledge of it.

"Possession may be actual or constructive, may be joint among several defendants, and may be proven by direct or circumstantial evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). Constructive

possession consists of either the ownership, dominion, or control over the contraband itself or dominion or control over the premises in which the contraband is found. *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999). However, mere ownership or control over a premises in which contraband is found is insufficient to prove constructive possession in a jointly occupied location. *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993). When a premises is jointly occupied, the Government "must present additional evidence of the defendant's knowing dominion or control of the contraband, besides the mere joint occupancy of the premises, in order to prove the defendant's constructive possession." *United States v. Moreland*, 665 F.3d 137, 150 (5th Cir. 2011). In other words, when an individual who has ownership or control over a premises is also in joint occupancy of that premises, there must be "something else," that is, "some circumstantial indicium of possession" that supports a "plausible inference" that the defendant had knowledge of and access to the contraband. *Id.* (internal quotation marks and citation omitted).

Here, the conclusion that Chandler constructively possessed the methamphetamine (actual) did not rest solely on his ownership and control of a jointly occupied premises. First, as part of a drug investigation, investigators had received information that Chandler had just secured a new source of methamphetamine. Second, during the surveillance of Chandler that occurred on the day of the traffic stop, Chandler was observed stopping at a known drug area. Third, an agent with the Mississippi Bureau of Narcotics testified that he had received information that the purpose of the meeting that day in an area reputed for drug activity was to split up a drug shipment that had arrived. Fourth, according to the trooper's testimony, the drugs found in the backseat of Chandler's vehicle were "sitting in plain sight," although a jacket partially covered some of the methamphetamine. In light of this evidence, the district court did not clearly err in inferring that

Chandler constructively possessed the drugs. *See Moreland*, 665 F.3d at 150; *see also United States v. Meza*, 701 F.3d 411, 421 (5th Cir. 2012).

To be sure, the vehicle passenger testified that the methamphetamine (actual) belonged to him, and that Chandler had no knowledge of it. However, the passenger's claim of ownership at the sentencing hearing was inconsistent with his denial of ownership during the traffic stop itself (as shown in the dash cam footage). Citing, *inter alia*, that inconsistency and the passenger's demeanor while testifying, the district court found that the passenger's testimony lacked credibility. "Credibility determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996) (internal quotation marks and citation omitted). As a result, we "will not disturb a district court's credibility determination made at sentencing." *United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010). Thus, contrary to Chandler's assertions, the district court did not clearly err in finding that the passenger's testimony was not credible.

Finally, Chandler argues that, in connection with the relevant conduct determination, the district court failed to make a specific finding as to the scope of the criminal activity that Chandler agreed to undertake jointly. This argument pertains to U.S.S.G. § 1B1.3(a)(1)(B), which provides that, in the case of jointly undertaken criminal activity, relevant conduct includes "acts and omissions of others" that were "within the scope of the jointly undertaken criminal activity," in furtherance of that activity, and reasonably foreseeable in connection with that criminal activity. § 1B1.3(a)(1)(B); *see United States v. Carreon*, 11 F.3d 1225, 1235 (5th Cir. 1994). However, the limitations governing that definition are not present in the definition of relevant conduct set forth in § 1B1.3(a)(1)(A), which concerns the "acts and omissions committed, aided, abetted, . . . or willfully caused by the defendant." § 1B1.3(a)(1)(A); *see Carreon*, 11 F.3d at 1237.

No. 23-60322

In this case, it is apparent from the record that the district court's relevant conduct determination was based on Chandler's own act of constructively possessing the methamphetamine (actual). Accordingly, the district court's determination relied on the relevant conduct definition in § 1B1.3(a)(1)(A), not the one in § 1B1.3(a)(1)(B). As a result, the district court did not need to make any findings as to § 1B1.3(a)(1)(B). *See* § 1B1.3, comment. (n.2); *Carreon*, 11 F.3d at 1237.

Accordingly, the judgment of the district court is AFFIRMED.