# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2024

Lyle W. Cayce
Clerk

No. 23-40222
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Vallejo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-1022-2

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Victor Vallejo pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. On appeal, Vallejo first argues that the district court erred in holding him accountable for 0.90 kilograms of

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

methamphetamine as relevant conduct in determining his base offense level. Vallejo also argues that the district court erred in applying the two-level enhancement under section 2D1.1(b)(1) of the U.S. Sentencing Guidelines ("U.S.S.G.") due to his coconspirator's possession of a duty weapon during the commission of the offense.

Because Vallejo preserved these arguments in the district court, we "review the application of the Guidelines de novo and the district court's factual findings—along with the reasonable inferences drawn from those facts—for clear error." *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (internal quotation marks, emphasis, and citation omitted). The district court's assessment of relevant conduct for purposes of calculating a sentence and application of the section 2D1.1(b)(1) enhancement are factual findings this court reviews for clear error. *See United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019) (relevant conduct determination); *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014) (application of section 2D1.1(b)(1) enhancement).

First, the district court did not clearly err in determining that Vallejo was responsible for the 0.90 kilograms of methamphetamine. *See* U.S.S.G. § 1B1.3(a)(2); *Barfield*, 941 F.3d at 761. The guidelines provision for determining Vallejo's relevant conduct was section 1B1.3(a)(2). *See* U.S.S.G. §§ 2D1.1, 3D1.2(d). Contrary to Vallejo's contentions, the district court did not need to make any findings as to whether the methamphetamine trafficking constituted jointly undertaken criminal activity under section 1B1.3(a)(1)(B), as Vallejo was directly involved in the conduct. *See* U.S.S.G. §§ 1B1.3(a)(1)(A), 1B1.3, comment. (n.2); *United States v. Carreon*, 11 F.3d 1225, 1237 (5th Cir. 1994).

Vallejo's challenge to the district court's relevant conduct determination under section 1B1.3(a)(2) is unavailing. Regarding whether

the two offenses constituted a common scheme or plan, both offenses involved common accomplices and similar modus operandi. *See* U.S.S.G. § 1B1.3, comment. (n.5(B)(i)); *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009). As for whether the methamphetamine trafficking was part of the same course of conduct as the cocaine trafficking offense, the district court's relevant conduct determination was supported by the similarity of the offenses and the temporal proximity of the offenses. U.S.S.G. § 1B1.3, comment. (n.5(B)(ii)); *see Rhine*, 583 F.3d at 886-90. Thus, the district court's relevant determination was plausible in light of the record as a whole. *See United States v. Bazemore*, 839 F.3d 379, 387 (5th Cir. 2016).

Next, it was plausible in light of the record as a whole for the district court to find that Vallejo could have reasonably foreseen the coconspirator's possession of the firearm. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765-66 (5th Cir. 2008); *Bazemore*, 839 F.3d at 387. The coconspirator actively performed his duties as a police officer during the offense and used that status to provide "cover" for the drug transportation, and Vallejo knew that the coconspirator was an on-duty officer. *See United States v. Partida*, 385 F.3d 546, 563 (5th Cir. 2004); *United States v. Marmolejo*, 106 F.3d 1213, 1216 (5th Cir. 1997). Additionally, because firearms are "tools of the trade" for drug traffickers, *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990) (internal quotation marks and citation omitted), the district court could infer foreseeability of the coconspirator's possession of his duty firearm during the offense, *see id.* The district court therefore did not clearly err in applying the section 2D1.1(b)(1) enhancement. *See King*, 773 F.3d at 52.

AFFIRMED.