# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-30464
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 29, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Vincent Williams,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-89-1

————————————————————

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Paul Vincent Williams appeals following his guilty plea conviction for possession with intent to distribute methamphetamine and possessing a firearm in furtherance of a drug trafficking crime. He was sentenced within the advisory guidelines range to a total of 216 months of imprisonment.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30464

First, Williams challenges the district court's denial of his motion to suppress, arguing that law enforcement did not have a legal basis for the stop and search of his vehicle. When a motion to suppress is denied, we review any factual findings for clear error and legal conclusions de novo. *United States v. Hearn*, 563 F.3d 95, 103 (5th Cir. 2009). Williams fails to demonstrate any error in the district court's ruling that the stop and search were constitutionally justified by what the officers knew through their investigation of Williams's drug trafficking activities, including his travel to a scheduled drug transaction with a confidential informant preceding the stop. *See United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995); *United States v. Beene*, 818 F.3d 157, 164 (5th Cir. 2016); *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007).

Second, Williams challenges the district court's inclusion of drugs seized from him months before the stop in the calculation of the sentencing guidelines range. We review for clear error a district court's determination of relevant conduct at sentencing, including additional drug amounts for the purposes of U.S.S.G. § 2D1.1. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019). Williams fails to demonstrate clear error in the district court's finding that the prior drug seizures were part of the same course of conduct. *See id.* at 761-63; *United States v. Rhine*, 583 F.3d 878, 886-87 (5th Cir. 2009).

Third, Williams argues that the district court imposed a substantively unreasonable sentence. In light of our deferential standard of review, we are not persuaded that Williams's arguments regarding deterrence and his acceptance of responsibility have rebutted the applicable presumption of reasonableness. *See United States v. Koss*, 812 F.3d 460, 466, 472 (5th Cir. 2016).

AFFIRMED.

2